# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 16, 2010

No. 09-50766
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN MOLINA-RODRIGUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-456-1

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Juan Molina-Rodriguez (Molina) appeals the 77-month sentence imposed following his guilty plea conviction for importation of marijuana and possession with intent to distribute marijuana. Molina argues that his sentence was greater than necessary to meet the goals in 18 U.S.C. § 3553(a) of reflecting the seriousness of his offense, deterring him from future offenses, protecting the public, and providing needed training or treatment. He asserts that the district court erred in weighing these factors and that application of the career offender

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

enhancement resulted in an advisory guidelines range that overstated the seriousness of his offense, as well as his prior criminal history.

Molina does not challenge the district court's calculation of the advisory guidelines range. Rather, he challenges the reasonableness of the sentence imposed. Where the district court imposes a sentence within a properly calculated guidelines range, it is presumptively reasonable. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008); *Rita v. United States*, 551 U.S. 338, 346-47 (2007). Here, the district court considered and rejected Molina's arguments for a lower sentence. In light of his extensive criminal history and the court's findings that the sentence was necessary to help dissuade Molina from repeating his criminal conduct and that he should receive drug and mental health treatment, anger management counseling, and should participate in parenting classes, Molina has not rebutted the presumption of reasonableness of the within guidelines sentence imposed by the district court. *See Campos-Maldonado*, 531 F.3d at 339; *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008). Thus, he has not shown error, plain or otherwise, with respect to the 77-month sentence imposed. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 360-61 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009).

AFFIRMED.